IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE ROMERO, 1338937, § | | |
| Petitioner, § | | |
| § | | |
| V. § | NO. 3:08-CV-987-K | |
| § | | |
| RICHARD THALER, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for aggravated sexual assault of a child under fourteen. *State of Texas v. Jamie Romero*, No. F-0472153-HP (203rd Jud. Dist. Ct., Dallas County, Tex., Oct. 17, 2005). Petitioner was sentenced to fifteen years confinement.

On November 14, 2006, the Fifth District Court of Appeals affirmed the conviction. *Romero v. State*, No. 05-05-01525-CR (Tex. App. – Dallas, Nov. 14, 2006). On December 5, 2007, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Romero v. State*, PDR No. 1838-06.

On March 11, 2008, Petitioner filed a state petition for writ of habeas corpus. *In re Romero*, No. 69,875-01. On May 21, 2008, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On June 5, 2008, Petitioner filed the instant § 2254 petition. He argues his Fourteenth Amendment rights were violated when a state witness was allowed to provide an expert opinion regarding the truthfulness of the complainant.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> At trial, the twelve-year-old complainant testified that [Petitioner], who is married to his aunt, began sexually abusing him when he was seven years old. The first time [Petitioner] sexually assaulted complainant, complainant was spending the night at his aunt's house. Complainant's aunt was home, but she was sleeping. [Petitioner] stood in front of complainant, who was sitting on a couch, and demanded complainant perform oral sex on him. The next assault occurred about a month later, again at complainant's aunt's house. Complainant was in the bathroom when [Petitioner] entered. [Petitioner] pulled complainant's pants down, bent complainant over, and "stuck his penis in complainant's behind." The assaults continued on a regular basis for several years.
>
> Complaint did not initially tell any adults what [Petitioner] was doing because he was afraid to upset his mother. The first adult complainant eventually told was his school counselor, Cathy Stark. Complainant was seeing Stark because he was having problems in school. Cathy Stark testified as the State's outcry witness. Stark confirmed that complainant told her appellant had been sexually assaulting him. She convinced complainant to tell his mother, who in turn reported the offense to the police.

*Romero v. State*, No. 05-05-01525-CR (Tex. App. – Dallas, Nov. 14, 2006) at 1-2.

## III. Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

See 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2. Trial Error**

Petitioner argues the trial court erred when it admitted "expert" testimony that the complainant seemed like a truthful person. During trial, the prosecutor asked school counselor Cathy Stark whether she had "an opinion as to [the complainant's] character for truthfulness." (Trial Tr. Vol. 5 at 153.) Defense counsel objected that the question was improper and that Ms. Stark was not qualified as an expert. The court overruled the objection and Ms. Stark testified that the complainant "seemed like a truthful person." (*Id*.)

Under Texas Rule of Evidence 608, if a witness's character for truthfulness has been attacked, then opinion evidence of that witness's truthful character is admissible. In this case, the defense attacked the complainant's character for truthfulness when it asked Ms. Stark whether the complainant ever told her that he lied when he said his parents beat him with an extension cord. (*Id.* at 151-52.) After this defense question, the prosecutor asked for Ms. Stark's opinion regarding the complainant's character for truthfulness. Under Tex. R. Evid. 608, the court properly allowed the question. Petitioner has failed to show that his constitutional rights were violated.

**3. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 10th day of November, 2010.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).